# EXHIBIT A



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>ADAM CAINE | Case Number: 2016-CV17854 |
|---|---|
| Plaintiff/Petitioner:<br>JORDAN DAME<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>GERALD GRAY II<br>104 W 9TH STREET<br>STE 401<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>SOUTHWESTERN BELL TELEPHONE CO | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | |

**FILED**
DEPT OF CIVIL RECORDS
COURT ADMINISTRATORS OFFICE

OCT 2 3 2020

CIRCUIT COURT OF JACKSON CO. MO
By _____ (Date File Stamp DCA)

### Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **CHASSIDY SPANIOL**
Alias:

11972 S. SUMMIT STREET
OLATHE, KS 66062

**COURT SEAL OF**

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

24-SEP-2020
Date _____

_____ Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____ _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)

I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
                    ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                    ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

**Service Fees, if applicable**

| Summons | $ _____ |
|---|---|
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| **Total** | $ _____ |

See the following page for directions to clerk and to officer making return on service of summons.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

JOHNSON COUNTY KANSAS SHERIFF'S RETURN OF CIVIL PROCESS

CASE NO. 2016CV17854
CHAPTER

JORDAN DAME

(PLAINTIFF)

CHASSIDY SPANIOL
11972 S SUMMIT ST
OLATHE, KS 66062

(PARTY OF RECORD)

SHERIFF'S RETURN OF SERVICE

I have served the following, SUMMONS, PETITION, by leaving a copy of each
at the usual place of residence of CHASSIDY SPANIOL on OCTOBER 14 2020 at
1701 hours with JULIANA SPANIOL, 16 Y.O. DAUGHTER, a person of suitable age
and discretion residing therein, at 11972 S SUMMIT ST.

All done in Johnson County, Kansas

I hereby certify under penalty of perjury that the foregoing is true and
correct.

Executed  *10-15-20*
  (Date)

Attorney for Plaintiff                    Calvin Hayden-Sheriff
GERALD GRAY                               Johnson County, Kansas

By  *Holthaw 1560*

HOLTHAUS, RUSSELL, DEPUTY

Additional Notes:
SERVED JULIANA SPANIOL, 16 Y.O. DAUGHTER.

CERTIFICATION OF OFFICER'S AUTHORITY

Subscribed and sworn to before me this *16th* day of *October*, *2020*
by RUSSELL HOLTHAUS , whom I certify was at the date of such service and is
now a Deputy Sheriff of Johnson County, State of Kansas, and as such Officer
is duly authorized to serve process in Civil actions within said State and
is as Officer of the Court of which I am Clerk. Witness my hand and the
Seal of the District Court within and for the County of Johnson, and the
State of Kansas.

Lt. M. Weaver 1082

*Weaver*
Clerk of the District Court, the Tenth Judicial
District of the State of Kansas, County of Johnson



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

2020 OCT 14 PM 3: 55 RECEIVED CIVIL PROCESS

| | |
|---|---|
| Judge or Division:<br>ADAM CAINE | Case Number: 2016-CV17854 |
| Plaintiff/Petitioner:<br>JORDAN DAME | Plaintiff's/Petitioner's Attorney/Address<br>GERALD GRAY II<br>104 W 9TH STREET<br>STE 401 |
| vs. | KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>SOUTHWESTERN BELL TELEPHONE CO | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Other Tort | KANSAS CITY, MO 64106 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: JAMES VANROSS
              Alias:

7705 IRWIN RD
RAYTOWN, MO 64138
       *Rose*

COURT SEAL OF

CIRCUIT COURT OF MISSOURI

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

24-SEP-2020
Date                         Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent

### MEMBER OF FAMILY

I hereby certify that I have served the within summons in Jackson County, Missouri, by delivering a copy of the summons and a copy of the petition at the dwelling place or usual place of abode of the within named defendant, _JAMES VANROSS_ _____, by leaving with, _MARY BRANDELYN VANROSS wife_ a member of his/her family over the age of 15 years.

Place of Service ___7705 Irwin Rd Raytown MO 64138___

Date of Service ___10-16-2020___

Time of Service ___10:00 AM___

DEPARTMENT OF CIVIL PROCESS
COURT ADMINISTRATOR'S OFFICE
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

BY _____

DEPUTY

**CIRCT 3029- 12/13**

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-8560** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13 and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00906-SRB   Document 1-1   Filed 11/11/20   Page 6 of 17



Electronically Filed - Jackson - Kansas City - October 20, 2020 - 02:27 PM

*Return* SB 10/24

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ADAM CAINE | Case Number: 2016-CV17854 |
| Plaintiff/Petitioner:<br>JORDAN DAME | Plaintiff's/Petitioner's Attorney/Address<br>GERALD GRAY II<br>104 W 9TH STREET<br>STE 401<br>KANSAS CITY, MO 64105    *67476* |
| vs. | |
| Defendant/Respondent:<br>SOUTHWESTERN BELL TELEPHONE CO | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** SOUTHWESTERN BELL TELEPHONE CO

RA: CT CORPORATION SYSTEM
120 S CENTRAL AVENUE
CLAYTON, MO 63105

**Alias:** 30 CT COR

*COURT SEAL OF*
**CIRCUIT COURT OF MISSOURI**
*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

24-SEP-2020
Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

**LCW – B. LOVE** (name)    **INTAKE SPECIALIST** (title).

☐ other _____

Served at **CT CORPORATION** (address)

in **St. Louis County** (County/City of St. Louis), MO, on **OCT 16 2020** (date) at **9 AM** (time).

Tiffany Mooney
Printed Name of Sheriff or Server     Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date)

*(Seal)*

My commission expires: _____
     Date         Notary Public

### Sheriff's Fees

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ ( _____ miles @ $_____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

20-SMCC
10/21/20

Electronically Filed - Jackson - Kansas City - August 27, 2020 - 11:03 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | |
|---|---|
| **JORDAN DAME**<br>**9617 Wornall Road**<br>**Kansas City, Missouri 64114** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| **v.** | )   **Case No.** |
| **SOUTHWESTERN BELL TELEPHONE CO.**<br>**208 S. Akard Street**<br>**Dallas, Texas 76202** | )   **Division No.**<br>)<br>) |
| **And** | )<br>) |
| **KIESHA L. CHEATAM**<br>**6709 La Tijera Blvd.**<br>**Los Angeles, California 90045** | )<br>)<br>) |
| **And** | )<br>) |
| **CHASSIDY SPANIOL**<br>**11972 S. Summit Street**<br>**Olathe, Kansas 66062** | )<br>)<br>) |
| **AND** | )<br>) |
| **JAMES VANROSS**<br>**7705 Irwin Rd.**<br>**Raytown, Missouri 64138**<br>                    **Defendants.** | )<br>)<br>)<br>) |

## PETITION FOR DAMAGES

COMES NOW Plaintiff, JORDAN DAME and for his cause of action against

SOUTHWESTERN BELL TELEPHONE COMPANY doing business as AT&T ("SBC") and

KEISHA CHEATAM ("Cheatam"), CHASSIDY SPANIOL ("Spaniol"), and JAMES VANROSS

("Vanross") (collectively "Defendants") on claims of battery, negligent retention, conspiracy and

worker's compensation retaliation. Plaintiff seeks compensatory and punitive damages against Defendants states as follows:

1.      The acts, conduct, and practices which form the basis for this action have resulted in Defendant unlawfully harassing Mr. Dame with respect to the terms, conditions, and privileges of his employment, and the procedure or manner in which Defendants have evaluated Mr. Dame's qualifications for continued employment opportunities has resulted in prohibited race worker's compensation retaliation.

### PARTIES JURISDICTION AND VENUE

2.      Jordan Dame ("Mr. Dame or Plaintiff") resides at 9617 Wornall Road, Kansas City, Jackson County, Missouri.

3.      Mr. Dame was employed at Southwestern Bell Telephone Company ("SBC"). Managers and employees conspired against Mr. Dame based on his medical condition or the fact that he has a medical condition that is protected by law.  He was also subjected to battery by his second line manager ("Cheatam") and was retaliated against for reporting and complaining about harassment, assault, battery, and an injury that occurred in the workplace and engaging in protected activity by reporting such conduct and taking legal action.

4.      SBC is a global company headquartered at 208 S. Akard Street in Dallas, Texas and has operations in Kansas City, Jackson County, Missouri where Plaintiff reported for duty.

5.      Keisha Cheatam ("Cheatam") is a California resident whose home address is shown above herein the caption.  She is also a manager at SBC and was Mr. Dame's superior at times relevant to this action.

6.      Chassidy Spaniol ("Spaniol") is a Kansas resident whose home address is shown above herein the caption.  She is also a manager at SBC and was Mr. Dame's superior at times relevant to this action.

7.      James Vanross ("Vanross") is a Missouri resident whose home address is shown above in the caption.  He is also a manager at SBC and was Mr. Dame's superior at times relevant to this action.

8.      At all times relevant to this action, SBC has been an entity and employer subject to the laws, rules and regulations at issue herein.

9.       At all times relevant hereto, SBC was Mr. Dame's employer and he was a full-time employee.

10.      SBC is an entity which acts through agents. It is liable for the conduct of its agents acting within the course and scope of their agency; its own negligence or unlawful conduct; the acts of its agents which it knowingly ratifies; injuries incurred by agents' performance of its non-delegable duties; acts done by agents for which the agency relationship allows or assists the agent to perform; and acts its' agents take by virtue of their position with the company.

11.      Defendants' unlawful employment practices complained of herein occurred in Jackson County, Missouri, and accordingly, jurisdiction and venue are proper in this Court.  This Court has jurisdiction over the subject matter pursuant to R.S.Mo. § 478.070 as this is an original civil action seeking monetary damages for causes of action accruing in the State of Missouri.

12.      Venue is properly laid in this Court under R.S.Mo. § 508.010 as the events alleged in this Petition took place in whole, or in part, in Jackson County, Missouri.

## **GENERAL ALLEGATIONS**

13.     SBC, through its agents, has exhibited a constant history of discriminatory and hostile behavior towards Mr. Dame dating back to March 2015 up through his unlawful termination in December 2018.

14.     Mr. Dame's employment history with SBC dates back to March 2015, when he was hired with the company as a Leveraged Service Representative ("LSR").

15.     Mr. Dame has been a union member of Communication Workers of America (CWA) Local 6327, since he began his employment.

16.     Mr. Dame has been receiving medical treatment for a medical condition that he has had for several years.

17.     Mr. Dame has been approved for a job accommodation and the Family Medical Leave Act ("FMLA") through his employer, SBC for several years because of his medical condition.  However, this condition otherwise does not adversely affect his job performance.

18.     Mr. Dame is able to effectively perform his job with or without a reasonable accommodation.

19.     Mr. Dame received adverse treatment from SBC as a result of his medical condition.

20.     Sometime in approximately 2018, as Mr. Dame's hand rested on a cubicle at SBC, Cheatam physically struck down his hand in order to get past him, thus causing pain, humiliation and injury to name a few.

21.     Mr. Dame reported the incident to Human Resources but no action was taken.

22.     Upon information and belief, Mr. Dame required and sought medical treatment for his injuries sustained in the  aforementioned incident with Cheatam.

23.     Later in 2018, Cheatam struck Mr. Dame's hand again as he attempted to eat some food thus knocking the food out of his grasp thus again causing pain, humiliation and injury to name a few.

24.     Mr. Dame again reported the incident to Human Resources but no action was taken.

25.     Upon information and belief, Mr. Dame required and sought medical treatment for his injuries sustained in the  aforementioned incident with Cheatam.

26.      For the duration of his employment, Mr. Dame adversely and arbitrarily received bad ratings and write-ups that adversely affected the terms and conditions of his employment although they were unwarranted.

27.     Despite his appeals, the adverse rating remained on Mr. Dame's employment record.

28.     After reporting Cheatam's behavior, upon information and belief, Mr. Dame reasonably believes Cheatam directed other members of management to micromanage Mr. Dame and closely monitor his calls in an effort to obtain cause to discipline Mr. Dame and ultimately terminate his employment.

29.     After filing various claims and reporting the treatment he complains of in this matter, Mr. Dame was targeted further for discipline by Cheatam and other managers in an effort to terminate his employment.

30.     Mr. Dame received frequent, excessive monitoring and hostile micromanaging by SBC management upon reporting the incidents complained of in this Petition to Human Resources.

31.     Ms. Cheatam, with the endorsement and support of SBC conspired with management to find a reason to place Mr. Dame on progressive discipline in efforts to terminate

Electronically Filed - Jackson - Kansas City - August 27, 2020 - 11:03 PM

his employment after it was known to Defendants that Mr. Dame reported the adverse treatment he was receiving.

32.     Mr. Dame was subjected to the battery, assault, retaliatory acts and practices, and harassment aforementioned in this petition up until his unlawful termination.

33.     Mr. Dame frequently expressed his concern and displeasure about management's actions toward him and reported that he believes that he was targeted because of his reporting the assaults and battery which resulted in a work place injury, but he never received any resolution from SBC despite Mr. Dame's repeated efforts.

34.     Several other employees within Mr. Dame's workgroup have made complaints related to retaliatory treatment.

35.     Due to this pattern of retaliatory treatment, Mr. Dame was deprived of wage earnings and other opportunities such as but not limited to promotions and bonuses.

36.     SBC, through its managers or agents continued to act in violation of the law and its own established policies and procedures in discriminating and retaliating against Mr. Dame until his unlawful termination.

37.     At all times relevant herein, the perpetrators were all acting within the course and scope of their agency and employment with SBC, or their actions were expressly authorized by SBC, making SBC vicariously liable for their actions under all theories pled herein.

38.     At all times relevant herein, SBC, through its employees or agents, had the authority to discipline the above-mentioned perpetrators for violations of the anti-harassment, anti-discrimination, and anti-retaliation policies, up to and including termination.

39.     SBC, through their employees or agents, each received Plaintiff's complaints and failed to effectively address or remedy the continuous unlawful harassment and retaliation.

## COUNT I-
### Retaliation for Worker's Compensation (in violation of RSMo. 287.780)

COMES NOW, Plaintiff, and for Count I of the petition, retaliation pursuant to RSM0. 287.780 states:

45.     Plaintiff hereby restates and incorporates by reference, repeats and re-alleges each and every allegation contained in this petition as if fully set forth herein in Count I.

46.     Plaintiff was targeted in whole or in part because he reported injuries to management at SBC.

47.     Upon Plaintiff reporting injuries to management, he was treated adversely by management who ultimately denied Plaintiff advanced employment opportunities and targeted Plaintiff for arbitrary discipline in hopes of terminating Plaintiff's employment.

48.     Under Missouri law, injuries that occur while an employee performing their duties have been found to be work related under worker's compensation law.

WHEREFORE, Plaintiff prays for the Court to find that SBC have violated RSMo. 287.780 and therefore, Plaintiff is entitled to recovery for pecuniary and non-pecuniary damages including but not limited to punitives, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

### COUNT II – ASSAULT AND BATTERY-AGAINST DEFENDANT CHEATAM

49.     Plaintiff, Mr. Dame hereby incorporates by reference each and every paragraph as though it is fully set forth herein.

50.     Cheatam, as shown in her conduct, actions, and statements to Mr. Dame and others intended to cause Mr. Dame bodily harm or offensive contact, or the apprehension of physical

contact by physically striking Mr. Dame and coming into offensive bodily contact with Mr. Dame and indeed did so by causing offensive bodily contact.

51. Cheatam, as shown in her conduct, actions, and statements to Mr. Dame and others intended to cause Mr. Dame bodily harm or offensive contact by physically striking Mr. Dame and coming into offensive bodily contact with Mr. Dame and indeed did so by causing offensive bodily contact.

WHEREFORE, Plaintiff, Mr. Dame prays for judgment against Defendant, Cheatam on Count II of his Petition for Damages, for a finding that he has been battered by Cheatam; for an award of actual and punitive damages; for his costs expended; and for such other relief as this Court deems just and proper.

### COUNT IV-Negligent Hiring or Retention

COMES NOW, Plaintiff , and for Count IV of the petition for battery and assault states:

52. Plaintiff, Mr. Dame hereby incorporates by reference each and every paragraph as though it is fully set forth herein.

53. SBC had a duty to employees such as Plaintiff to make a safe enjoyable work environment without fear of assault, battery or retaliatory treatment by employees or agents such as Cheatam.

54. SBC failed in their duty which was the direct and proximate result of the injuries sustained by Plaintiff.

55. SBC committed other acts of negligence that is unknown at this time but believed to be discovered in the discovery process.

56. Defendant SBC knew or should have known of Cheatam's dangerous proclivities and SBC's negligence was the proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff, Mr. Dame prays for judgment against Defendant, SBC on Count IV of his Petition for Damages, for a finding that SBC was negligent in their hiring or retention of Cheatam; for an award of actual and punitive damages; for his costs expended; and for such other relief as this Court deems just and proper.

### COUNT V-Conspiracy (All Defendants)

COMES NOW, Plaintiff , and for Count V of the petition for Conspiracy states:

57.    Plaintiff, Mr. Dame hereby incorporates by reference each and every paragraph as though it is fully set forth herein.

58.    The acts described herein constitute conspiracy by Defendants as it relates to Plaintiff, in that, they worked in concert to falsely accuse Plaintiff of misconduct and other violations by issuing false statements and urging others to do the same causing Plaintiff injuries.

59.    Plaintiff suffered economic loss, emotional distress, and other damages as the result of Defendants' actions.

60.    Defendants acted in reckless disregard of Plaintiff's rights and/or with evil motive justifying an award of punitive damages.

WHEREFORE, Plaintiff, Mr. Dame prays for judgment against Defendants SBC, Cheatam, Spaniol, and Vanross on Count V of his Petition for Damages, conspiracy; for an award of actual, compensatory and punitive damages; for his costs expended; and for such other relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff, Mr. Dame requests a trial by jury on issues triable by jury.

RESPECTFULLY SUBMITTED,

/s/ *Gerald Gray II*

Gerald Gray II, #67476

**G. Gray Law, LLC**
104 W. 9ᵀᴴ Street, Suite 401
Kansas City, MO 64105
(O) 816-888-3145
(F) 816-817-4683
ggraylaw@outlook.com

**ATTORNEY FOR PLAINTIFF- MR. DAME**