IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JORDAN DAME, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-00906-SRB |
| ) | |
| SOUTHWESTERN BELL ) | |
| TELEPHONE CO., et al, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff Jordan Dame's ("Plaintiff") Motion to Remand. (Doc. # 9.) For the reasons discussed below, the motion is GRANTED. The case is hereby remanded to the Circuit Court of Jackson County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri, as required by 28 U.S.C. § 1447(c).

### I. BACKGROUND

On August 27, 2020, Plaintiff sued Defendants Southwestern Bell Telephone Company ("Defendant SBC"), Keisha Cheatam ("Defendant Cheatam"), Chassidy Spaniol ("Defendant Spaniol"), and James Vanross ("Defendant Vanross") (collectively "Defendants") in the Circuit Court of Jackson County, Missouri. The following relevant facts are alleged in the original state court petition. (Doc. #1-1, pp. 8-17.) Plaintiff was an employee of Defendant SBC under the supervision of Defendant Cheatam, Defendant Spaniol, and Defendant Vanross, all of whom were managers at Defendant SBC.[1] In 2018, Defendant Cheatam struck Plaintiff's hand, causing

---

[1] Defendants assert that Plaintiff and the individual defendants were actually employed by AT&T Services, Inc., not SBC. However, the Court accepts the Plaintiff's allegations as true for the purposes analyzing the Motion to Remand.

injury. Plaintiff reported the incident to Human Resources. Later in 2018, Defendant Cheatam struck Plaintiff's hand again, causing injury. Plaintiff also reported this incident to Human Resources. Upon information and belief, Plaintiff required and sought medical treatment for his alleged injuries sustained after each incident.

As a result of Plaintiff reporting Defendant Cheatam's actions, which Plaintiff alleges caused a workplace injury, Plaintiff believes Defendant Cheatam directed and conspired with other members of management to find reasons to discipline Plaintiff in efforts to terminate his employment. Plaintiff states Defendant SBC never addressed or resolved Plaintiff's complaints despite frequently expressing his concerns. Plaintiff allegedly endured continued retaliation and discrimination, including being denied wage earnings and other opportunities, and eventual termination. The state court petition asserts one count for retaliation under Missouri Workers' Compensation Law ("MWCL") pursuant to Mo. Rev. Stat. § 287.780 against Defendant SBC (Count I), one count of assault and battery against Defendant Cheatam (Count II), one count of negligent hiring or retention of Defendant Cheatam against Defendant SBC (Count IV), and one count of conspiracy against Defendants (Count V).[2]

On November 11, 2020, Defendants removed this case to federal court on the basis of diversity jurisdiction. On November 30, 2020, Plaintiff filed an amended complaint ("Amended Complaint") and timely filed the instant Motion to Remand.[3] Plaintiff argues, among other things, that his Count I workers' compensation retaliation claim renders the case non-removable

---

[2] The state court petition does not include a "Count III."

[3] While it has no bearing on the Court's decision, the Court reminds Plaintiff's counsel that motions and supporting briefs must be filed separately pursuant to Local Rule 7.0.

pursuant to 28 U.S.C. § 1445(c). Defendants argue Count I is fraudulently asserted and therefore 28 U.S.C. § 1445(c) does not prevent the removal of this case.[4]

## II. LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). A plaintiff may challenge that removal by filing a motion to remand. *See* 28 U.S.C. § 1447(c). The removing party bears the burden of establishing subject matter jurisdiction. *See In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

Generally, "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Section 1445(c) prevents removal "even where there is diversity of citizenship between the parties." *Johnson v. AGCO Corp.*, 159 F.3d 1114, 1116 (8th Cir. 1998). "A retaliatory discharge claim pursuant to Mo. Rev. Stat. § 287.780 'arises under' Missouri Worker's compensation law." *Id.* However, an exception to § 1445(c) exists "when a plaintiff fraudulently pleads an otherwise non-removeable claim to avoid federal jurisdiction." *White v. Union Pac. R.R. Co.*, No. 19-cv-00080, 2019 WL 3400716, at *1 (W.D. Mo. July 26, 2019).

"A claim is fraudulently pleaded if it is 'so baseless . . . as to constitute a fraudulent attempt' to thwart removal." *Id.* (quoting *Farmers' Bank & Tr. Co. of Hardinsburg, Ky. v. Atchison, T. & S.F. Ry. Co.*, 25 F.2d 23, 29 (8th Cir. 1928)). A district court's analysis is "limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Junk v. Terminix Int'l Co.*, 628 F.3d

---

[4] Plaintiff (a Missouri citizen) also argues the presence of Defendant Vanross (a Missouri citizen) destroys diversity. Defendants contend that Defendant Vanross is fraudulently joined and should be disregarded in determining whether complete diversity exists. However, because the Court finds this case is nonremovable pursuant to 28 U.S.C. § 1445(c), the Court need not address this argument.

439, 445 (8th Cir. 2010) (discussing the fraudulent joinder exception to an otherwise nonremovable claim) (internal quotations and citation omitted). "If such fraud [is] established . . . jurisdiction attaches." *Boyle v. Chicago, R.I. & P. Ry. Co.*, 42 F.2d 633, 634 (8th Cir. 1930) (discussing the fraudulent pleading exception to nonremovable claims under the predecessor to 28 U.S.C. § 1445(a)). "[T]he burden of proving the fraudulent allegations is on defendant, and . . . all situations of doubt are to be resolved in favor of the plaintiff." *Id.* at 635; *see also Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) ("[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand.") (citation omitted).

## III. DISCUSSION

Defendants do not dispute that a retaliation claim under § 287.780 claim is a non-removable workers' compensation claim subject to § 1445(c). Instead, Defendants argue this case is removable because Count I is fraudulently pled, contending Plaintiff fails to adequately allege (1) that he sustained an injury as defined by the MWCL, (2) he exercised a right under the MWCL, and (3) a causal connection between the exercise of his rights and Defendants' actions.[5] Plaintiff disagrees.

To establish a cause of action under Mo. Rev. Stat. § 287.780, Plaintiff must allege facts demonstrating: "(1) [his] status as employee of defendant before injury, (2) [his] exercise of a right granted by [the MWCL], (3) employer discharge of or discrimination against [him]," and (4) his exercise of a right under the MWCL was a "contributing factor" to the discharge of or

---

[5] Defendants also filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. #11.) The Court has considered those arguments in resolving the pending motion to remand. Similarly, Plaintiff never addresses the fraudulent assertion of Count I argument in his briefing for the Motion to Remand, but instead addresses it in his response to Defendants' Motion to Dismiss Plaintiff's Amended Complaint. However, the Court still takes Plaintiff's arguments under consideration for the purposes of resolving the instant motion.

discrimination against him. *Templemire v. W&M Welding, Inc.*, 433 S.W.3d 371, 377-78, 385 (Mo. banc 2014) (internal citation and emphasis omitted). For the reasons stated below, the Court finds Count I is not fraudulently pled.

### A. Plaintiff's Injury

Defendants contend that Plaintiff never identifies an injury and instead makes a conclusory allegation that one occurred. Plaintiff alleges his hand was struck by Defendant Cheatam, his second line manager, on two separate occasions at work, each causing pain and humiliation. Plaintiff also alleges both incidents required him to seek medical treatment.

The MWCL defines "injury" as, among other things, "violence to the physical structure of the body" which "has arisen out of and in the course of employment." Mo. Rev. Stat § 287.020.3(1) and (5). The Court finds the striking of Plaintiff's hand(s) might be considered violence to the physical structure of the body, which occurred at Plaintiff's work by Plaintiff's manager. While Defendants argue it "defies common sense" that these incidents caused an injury, Defendants provides no supporting authority and such a factual determination is for the state court to resolve. (Doc. #10, p. 6.) A state court might conclude Plaintiff has adequately alleged an injury under the MWCL. At the very least, the allegations are not so baseless as to constitute a fraudulent attempt to thwart removal. *See White*, 2019 WL 3400716, at *1.

### B.   Plaintiff's Exercise of a Right Under the MWCL

Defendants argue Plaintiff merely reporting an alleged injury is not an exercise of his rights under the MWCL. Plaintiff argues that he "was not required to formally file a work comp claim or take any action beyond notifying his superiors and receiving proper care and treatment." (Doc. #15, p. 8.) The Court agrees and finds Plaintiff has not fraudulently pled this element of the Count I retaliation claim.

"In Missouri, claims of retaliatory discharge for filing workers' compensation claims have been held actionable even where the employee had not yet filed a claim at the time his employment was terminated." *Welker v. Panera Bread Co.*, No. 10CV2192, 2011 WL 1327427, at *2 (E.D. Mo. Apr. 6, 2011). "[S]uch actions as receiving medical treatment for a work-related injury, providing notice of such an injury to employer, and 'interim disability from work' are incidents of compensable benefits and amount to the exercise of rights under the [MWCL]." *Demi v. Sheehan Pipeline Constr.*, 452 S.W.3d 211, 216-17 (Mo. App. E.D. 2014). In *Demi*, the court found the plaintiff adequately alleged he exercised his right under the MWCL by asserting "he suffered a heatstroke while working for Employer . . . he sought medical treatment for such injury . . [and] also maintained he stayed home for several days and did not work." *Id.* at 217.

Here, similar to the plaintiff in *Demi*, Plaintiff allegedly received medical treatment for his injury and reported the injury to Human Resources.[6] Both actions are recognized by Missouri courts as a sufficient exercise of one's rights under the MWCL. While the plaintiff in *Demi* also took interim disability, nothing in the court's opinion suggests that doing so was necessary to sustain a retaliation claim. As all doubts should be resolved in favor of remand, Plaintiff may have adequately alleged he exercised a right under the MWCL. Accordingly, the Court finds a state court may find Plaintiff has a viable retaliation claim against Defendant SBC.

Defendants rely, in part, on *St. Lawrence v. Trans World Airlines, Inc.*, which holds "the injury-causing event is not an exercise of a right under the [MWCL]." 8 S.W.3d 143, 150 (Mo. App. E.D. 1999). However, Plaintiff alleges he did more than just sustain an injury. Notably, in

---

[6] Plaintiff also alleges in his Amended Complaint that he threatened to take legal action. While "it is well established that the jurisdiction of federal court is determined at the time of removal from state court, and not pursuant to an amended petition after the removal," the Court still finds this allegation further bolsters the conclusion that Plaintiff's claims are not so baseless as to be a fraudulent attempt to thwart removal. *Hilfiker v. Se. Boll Weevil Eradication Found.*, Inc., No. 9CV149, 2009 WL 5214880, at *1 (E.D. Mo. Dec. 23, 2009)

6
Case 4:20-cv-00906-SRB   Document 18   Filed 01/07/21   Page 6 of 8

each case Defendants cite in support, no plaintiff alleged he or she reported a workplace injury to his or her employer, a key distinction between those cases and facts alleged here.  The Court thus finds state law does not clearly prevent Plaintiff's retaliation claim and Count I is not so baseless that it may be considered fraudulently pled.

### C. Plaintiff Exercising His Rights Was a "Contributing Factor" to Defendants' Adverse Actions

Finally, Defendants argue Plaintiff does not allege that the exercise of his rights was a contributing factor in any alleged retaliation.  However, Defendants' argument largely repeats the arguments addressed above, mainly that if Plaintiff never sustained an injury nor exercised his rights, there can be no causal link to the adverse treatment Plaintiff allegedly sustained.  But, Plaintiff explicitly alleges that "[u]pon Plaintiff reporting injuries to management, he was treated adversely by management who ultimately denied Plaintiff advanced employment opportunities and targeted Plaintiff for arbitrary discipline in hopes of terminating Plaintiff's employment." (Doc. #7, ¶ 47.)  The Court finds this allegation adequately asserts that Plaintiff's exercise of his rights was a contributing factor to the adverse treatment of him.

Defendants additionally argue Plaintiff never identifies to whom he allegedly reported the injury, and therefore it is unclear anyone involved in the alleged retaliation knew that Plaintiff had exercised his rights.  The Court does not find this argument persuasive.  The retaliation claim is against Defendant SBC as an entity, not against the other individual defendants, and, for purposes of deciding the motion to remand, Plaintiff has adequately pled that reporting the incidents to Human Resources placed his employer on notice of his injury.  In turn, the Court finds Plaintiff has alleged facts upon which the state court might find that Plaintiff's exercise of his rights was a contributing factor to the discrimination against Plaintiff and his eventual termination.

In sum, Plaintiff sufficiently alleges that he sustained an injury, exercised his rights under the MWCL, and his exercise of those rights was a contributing factor to his discharge, and thus his retaliation claim is not so baseless as to constitute a fraudulent attempt to thwart removal. As a result, 28 U.S.C. § 1455(c) prevents this case from being removed from state court, making remand proper.

### D. Plaintiff's Request for Attorneys' Fees

Plaintiff additionally asks the Court to award attorneys' fees incurred in connection with this motion to remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[W]hen the removing party lacks an objectively reasonable basis for its removal, fees should be awarded." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 132 (2005). The Court does not find that Defendants lacked a reasonable basis for seeking removal and denies Plaintiff's request for costs and expenses.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Remand (Doc. #9) is GRANTED. This case is hereby remanded to the Circuit Court of Jackson County, Missouri. All other pending motions are DENIED WITHOUT PREJUDICE and are subject to refiling in state court upon remand.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: January 7, 2020